UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY HEARN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2335-X |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE CO., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

This case is currently stayed for ongoing probate proceedings, however, there is one motion pending before this court: Defendant Allstate Vehicle and Property Insurance Company's (Allstate) motion to strike Plaintiff Betty Hearn's claim for attorney's fees. (Doc. 5). After careful consideration, and for the reasons explained below, the Court **DENIES** Allstate's motion to strike. This case remains stayed pursuant to the Court's order at Docket No. 33, and the parties are **INSTRUCTED** to file their next joint status report on or before April 21, 2025.

### I. Background

This is an insurance coverage dispute stemming from hail and wind damage to Hearn's property. On June 28, 2023, Hearn, through her counsel, sent a notice letter to Allstate of her intent to file suit, which included an amount for "actual damages," "attorney's fees to date," and a total value, "less any amounts paid and any applicable

1

deductible."[1] The letter states it is intended to serve as notice pursuant to Texas Insurance Code section 542.003A.

## II.   Legal Standard

Texas Insurance Code section 542A.003 requires "not later than the 61st day before the date a claimant files an action . . . the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action."[2] The notice must include:

> (1) a statement of the acts or omissions giving rise to the claim;
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.[3]

"[A] court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading" proving the defendant was entitled to, but did not receive, a proper "presuit notice stating the specific amount alleged to be owed by the insurer."[4]

## III.   Analysis

Allstate argues Hearn's letter fails to state a specific amount owed as required by section 542A.003(b)(2), as it does not include "a number [Hearn] will commit to."[5]

---

[1] Doc. 5-1, Ex. C.

[2] Tex. Ins. Code. § 542A.003(a).

[3] *Id.* § 542A.003(b).

[4] *Id.* § 542A.007(d).

[5] Doc. 5, ¶ 10.

Hearn argues that her notice was sufficient, as the amount stated in the letter "includes a fixed number but also takes into account uncertain sums."[6] Both parties have provided cases and rulings that support their position, including supplemental authority, which the Court appreciates. Based on the Texas Supreme Court's recent consideration of this same issue, the Court agrees with Hearn that the notice is sufficient.

> The letter includes the following amounts:
>
> <u>Specific amount alleged to be owed:</u>
> $22,500.00 in actual damages (less any amounts you paid, if any, and any applicable deductible). . . .
>
> $5,400.00 for attorney's fees to date. . . .
>
> TOTAL: $27,900.00 (less any amounts paid and any applicable deductible), plus interest.[7]

The letter also includes several disclaimers that damages and amounts recoverable by Hearn could be higher under the policy and that attorney's fees will increase as attorneys work on Hearn's case.

At issue is whether the amounts listed meet the requirement in section 542A.003(b)(2), which requires "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property."[8] While this motion has been pending, the Texas Supreme Court has addressed the issue more fully:

> We have not previously construed the statute's "specific amount" requirement, but several federal courts have. . . the federal courts have consistently held that the "specific amount" language requires only that

---

[6] Doc. 13 at 6.

[7] Doc. 5-1 at 10-11.

[8] Tex. Ins. Code § 542A.003(b)(2).

the notice assert a specific dollar amount, not that it must provide a "fixed and final total dollar sum" that is free from estimate and can never change. This construction appears to be most consistent with the statute as a whole, in light of its provisions suggesting that the amount awarded may vary from the amount stated in the notice.[9]

As the letter from Hearn's counsel includes a specific dollar amount, the Court finds that the specific amount requirement is met and Hearn's presuit notice was sufficient under section 542A.003.

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Allstate's motion to strike Hearn's claims for attorney fees.

**IT IS SO ORDERED** this 27th day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] *In re Lubbock School Dist.*, 700 S.W.3d 426, 427-28 (Tex. 2024) (per curium) (cleaned up).